UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FLORO,<br><br>        Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS, et. al.,<br><br>        Defendants. | No. 2:24-cv-02153-DJC-CSK<br><br>ORDER GRANTING MOTION TO REMAND |

      Pending before the Court is a Motion to Remand this action back to California Superior Court.  (Mot. (ECF. No. 10.))  Plaintiff originally filed his Complaint in the Superior Court of the State of California, County of Sacramento.  (Compl. (ECF No. 10, Ex. A).)  Defendant removed the action to federal court on the grounds that section 301 of the Federal Labor Management Relations Act ("LMRA") preempts Plaintiff's otherwise state law-based causes of action, thereby creating federal jurisdiction, because Plaintiff's employment was subject to a collective bargaining agreement ("CBA").  Plaintiff brings the present Motion to Remand arguing that this action should return to the Superior Court because the rights asserted do not arise under or rely on the interpretation of the CBA and are therefore not preempted by the LMRA.  For the reasons below, the Court grants Plaintiff's Motion to Remand.

I.      **Factual Background**

Plaintiff Michael Floro brings the present action against his former employers, Defendants Kaiser Foundation Hospitals, and the Permanente Medical Group, alleging violations of the California Labor Code and the California Business and Professions Code.  The action was originally filed on July 5, 2024, in the Superior Court of California, County of Sacramento but was removed to this Court on August 9, 2024. (Mot. at 3.)

Specifically, Plaintiff alleges he was retaliated against continuously after he reported his supervisor, Sadie Ortigoza, to Human Resources ("HR") for improperly altering his timecard without alteration. (*See* Compl. ¶ 49.)  Specifically, he claims Ortigoza erased his double time and replaced it with straight time even though Plaintiff worked more than twelve hours. (Compl. ¶ 26.)  Following this report, Plaintiff claims management retaliated against him by continuing to alter his timecard without permission, denying him over time, giving him less work as a senior employee, questioning him without a union representative, and ultimately terminating his employment.  (*See generally* Compl.)  Plaintiff states he had never received any complaints about his performance leading up to his termination.  (*Id*. ¶ 43.)  Throughout the alleged period of retaliation and harassment, Plaintiff continued to report management's behavior to Human Resources. (*Id*. ¶¶ 28, 31.)  Defendants argue that their actions were not retaliatory, but instead based on Plaintiff's inappropriate behavior.  (Opp. (ECF. No. 13) at 4.)

Plaintiff was employed as an ICU-Staff Nurse 2 by Defendants from November 25, 2019, to October 17, 2023.  (Compl. ¶ 45.)  Throughout his employment, Plaintiff was a unionized employee subject to a CBA between the California Nurses Association and the Defendants.[1]  (*Id*. ¶ 24.)  The CBA includes terms relating to work

---

[1] Two agreements are applicable, although the material terms of the agreements are the same.  The first agreement was effective from September 1, 2017 through August 31, 2022. (Declaration of Paul Squyres (ECF No. 1-2).)  A second agreement was entered into during Plaintiff's employment, effective September 1, 2022 through August 31, 2026. (*Id*.)  Portions of these CBA are attached to the Notice of Removal (ECF No. 1-2, Exs. A, B,) and referenced therein.  Neither party disputes the contents of the

2

scheduling, time recording, overtime, the right to union representation at disciplinary meetings, and seniority. (Opp. at 11.)

While there was a CBA between the Parties at the time of the events which gave rise to the claims, Plaintiff has not brought claims alleging a violation of the agreement. Rather, Plaintiff alleges that the Defendants retaliated against him in violation of Labor Code section 1102.5 and wrongfully terminated him in violation of the public policies outlined in Labor Code sections 1102.5, 200 and in Business and Professions Code section 17200, et. seq.

Plaintiff now moves the Court to remand the action back to the Superior Court for lack of subject matter jurisdiction. Defendant has opposed the motion.

**II.  Legal Standard**

A defendant may remove a state court civil action to federal court so long as that case could originally have been filed in federal court, based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Federal question jurisdiction is met where the action "aris[es] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence, *see Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009);

---

CBA nor that it applied to Plaintiff at the time of his employment and termination. Thus, the Court takes judicial notice of the attached CBA. *See United States v. Richie,* 342 F.3d 903, 907-08 (9th Cir. 2003).

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992), but the district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

### III. Discussion

#### A. Post-Removal Amendments

"Post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006). Jurisdiction and the propriety of removal must accordingly, "be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers Inc.* 159 F.3d 1209, 1213 (9th Cir. 1998).

Plaintiff initially submitted a complaint in the Superior Court, County of Sacramento. (*See generally* Compl.) Following the Defendant's Notice of Removal (Not. Removal (ECF. No. 1)) Plaintiff filed a First Amended Complaint (FAC (ECF. No. 7)). For the purposes of this Motion to Remand, the Court will determine whether there is federal jurisdiction based on the initial Complaint, as that was the operative complaint at the time the Notice of Removal was filed.

#### B. Jurisdiction Under the LMRA

Section 301 of the LMRA is a "mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts" requiring federal courts to exercise jurisdiction over federal labor law claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985). Where a CBA governs the claim against an employer, section 301 of the LMRA preempts the claim and converts it to a federal question over which the federal court has jurisdiction. *See Burnside v. Kiewit Pac.*

*Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). In effect, section 301 "displace[s] entirely any state cause of action for violation of contracts between an employer and a labor organization," *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983), such that "any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

In *Burnside v. Kiewit Pac. Corp*, the Ninth Circuit established a two-step test to determine whether a state-law claim is preempted by section 301. *See* 491 F.3d 1053, 1059 (9th Cir. 2007). The first step looks at "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law" or if the right is granted by the CBA. *Id.* If the cause of action stems only from the CBA, then the claim is preempted. *Id.* If not, the Court must decide whether the claim is "substantially dependent" on the terms of the CBA by considering "whether the claim can be resolved by looking to versus interpreting the CBA." *Id.* at 1059–60. In determining whether the claims are preempted, the Court may look beyond the pleadings, and in this instance, will refer to the documents included in the Defendant's notice of removal, including the relevant collective bargaining agreement. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22, 2003).

### 1. Retaliation Claims

Plaintiff's first cause of action alleges retaliation in violation of Labor Code section 1102.5. Section 1102.5 provides, in relevant part, that an employer, "shall not retaliate against an employee for disclosing information to . . . a person with authority over the employee . . . if the employee has reasonable cause to believe that the information discloses a violation of a state or federal statute." Cal. Lab. Code §1102.5(b).

Under the first step of *Burnside*, Plaintiff's rights do not stem solely from the CBA. Regardless of the agreement's existence, Plaintiff would have been able to

bring his claim under the Labor Code. See *McGinty v. Holt of Cal.,* No. 2:22-cv-00865-WBS-AC, 2022 WL 3226130, at *2 (E.D. Cal. Aug. 10, 2022) (citing *Miller v. Bimbo Bakeries USA, Inc.,* No. 11-cv-00378-WHA, 2011 WL 1362171, at *3 (N.D. Cal. Apr. 11, 2011) ("the mere existence of a [CBA] does not compel preemption of plaintiff's state law retaliation claim[s].") Therefore, the inquiry here turns on whether Plaintiff's claim is "substantially dependent" on analysis of the CBA. *Burnside,* 491 F.3d at 1059.

Plaintiff states that none of the elements in a retaliation claim under section 1102.5 require any reference to, or interpretation of, the CBA. (*See* Mot. at 6–7.) Defendants argue that Plaintiff's entire theory of retaliation centers around interpretation of the CBA, and that Plaintiff's Complaint made multiple references to his rights under the CBA. (*See* Opp. at 9–10.)

The Ninth Circuit has held that a retaliation claim concerns the "respective actions of the employer and employee" and that "this inquiry will not depend on interpretation of the CBA." *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014). Rather, the analysis is about the motivations behind the Defendants' conduct and application of the Defendants' procedures. *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 407 (1988) (stating that whether the defendant had a non-retaliatory reason to terminate plaintiff is a "purely factual inquiry that does not turn on the meaning of any provision of a "CBA"); *see Perez v. Foster Poultry Farms*, No. 1:22-cv-00691-JLT-SAB, 2024 WL 279112, at *4 (E.D. Cal. Jan. 24, 2024) (holding that plaintiff's retaliation claim brought under section 1102.5 did not require an inquiry into the CBA). Although Defendants cite several CBA provisions on overtime, scheduling, and union representation, there is no explanation as to why those provisions need to be interpreted to adjudicate Plaintiff's retaliation claim. In fact, Plaintiff makes no argument disagreeing with the scope or meaning of the provisions. *See Horne v. Dist. Council 16 Intern. Union of Painters and Allied Trades,* No. 10-cv-04653-CW, 2011 WL 176821, at *4 (finding plaintiff's argument that certain terms were not defined by the relevant agreements strengthened the case for

denying remand). Instead, Plaintiff alleges that Defendants chose to implement CBA provisions in a retaliatory fashion against him because he reported his supervisor's behavior to HR. See *Brown*, 571 F. App'x at 575.

The fact that Defendants might point to the CBA as a defense for their behavior is not enough to preempt the claim. See *Burnside,* 491 F.3d at 1060 (*citing Caterpillar*, 482 U.S. at 398-99). Furthermore, even if a factfinder needs to conduct a "cursory examination" of the CBA to acquaint themselves with the relevant provisions, that alone does not preempt Plaintiff's claim. See *Cramer v. Consol. Freightways Inc.,* 255 F.3d 683, 692 (9th Cir. 2001). Therefore, the Court finds that Plaintiff's retaliation claim is not preempted by section 301.

### 2. Wrongful Termination in Violation of Public Policy Claim

Plaintiff's second cause of action alleges wrongful termination in violation of California's public policy as embodied in Labor Code sections 1102.5, 200and/or the Business and Professions Code section 17200. (Compl. ¶ 61.) A state common law claim is not preempted, "if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *De Leon v. J.M. Equip. Co., Inc.,* No. 2:23-cv-00717-DAD-KJN, 2023 WL 8473839, at *6 (E.D. Cal. Dec. 7, 2023) (citing *Jackson v. S. Cal. Gas. Co.,* 881 F.2d 638, 644 (9th Cir. 1989)) (citation omitted).

The Court will again consider whether the claim is independent of the CBA, and can be resolved without interpretation of its terms. *De Leon,* 2023 WL 8473839 at *6. First, Plaintiff's wrongful termination claim is independent of the CBA because it is grounded in California state law and not based solely on the CBA. See *id.* at *4. Therefore, the analysis focuses on whether the wrongful termination claim "substantially depends" on interpretation of the CBA.

Plaintiff argues that the wrongful termination claim is wholly derivative of the retaliation claim and is based on the genuine state policies outlined in Labor Code sections 1102.5, 200, and the Business and Professions Code section 17200. (Mot. at

9.) Defendants argue the claim is preempted because it requires an interpretation of the "just cause" provision, is based solely on Plaintiff's rights under the CBA, and is not properly based on a state policy.  (*See* Opp. at 11–12.)

Defendants cite to several cases where the wrongful termination in violation of public policy claims were found to be preempted.  However, those cases are distinguishable because plaintiffs failed to establish a state public policy transcending the employment relationship.  *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001-02 (9th Cir. 1987) (holding that plaintiff failed to identify any state statute or relevant public policy of California protecting opposition to IRA tax audits); *See Billingsley v. MV Transp., Inc.,* 242 F. Supp. 3d 1011, 1015 (E.D. Cal. 2017) (holding that plaintiff's wrongful termination in a breach of contract claim arouse out of the "just cause" employment right created by the CBA and necessarily required interpretation of the terms to understand discipline procedures).  Here, Plaintiff alleges that he was terminated for complaining that his supervisor altered his timecard in violation of state law.  (*See* Compl. ¶ 49.)  Unlike the cases referenced by the Defendant, Plaintiff's alleged timecard alterations do not require interpretation of the CBA, and may constitute an independent wrong outside of the CBA.  Therefore, the Court finds that Plaintiff's wrongful termination claim is not preempted under section 301 of the LMRA.

**IV.    Conclusion**

For the above reasons, IT IS HEARBY ORDERED that Plaintiff's Motion to Remand is GRANTED.  The Clerk of Court is directed to remand the case to the Superior Court of California County of Sacramento and close this case.

IT IS SO ORDERED.

Dated:    **November 7, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE